IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEBSTER LLOYD STAYATHOME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-1058 (MN) |
| | ) |
| DELAWARE DEPARTMENT OF | ) |
| CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Webster Lloyd Stayathome, Plummer Community Corrections Center, Wilmington, Delaware – Pro Se Plaintiff.

May 7, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

In September 2023, Plaintiff Webster Lloyd Stayathome, an inmate now confined at Plummer Community Corrections Center in Wilmington, Delaware, filed this *pro se* action pursuant to 42 U.S.C. § 1983, asserting claims that occurred in 2022 while he was confined at Sussex Correctional Institution ("SCI"). (D.I. 2). Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Plaintiff has also filed a request for appointed counsel. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

I.      **BACKGROUND**

Plaintiff alleges that he was "lawfully released" from SCI on October 20, 2022, but then "unlawfully held against [his] will." (D.I. 9 at 5). While he was being unlawfully detained, he requested an explanation from Defendant Officer Bowden, and Defendant Bowden "sprayed" him. (*Id.*). Plaintiff additionally alleges that during the period of his unlawful detention, Defendant Officer Spicer made verbal sexual advances towards him.

Plaintiff further alleged that he was "extremely terrified to be in this facility while these individuals have had multiple retaliation actions placed on me by different officers that are Co-workers with Officer Bowden and Officer Spicer," and that he was "even more terrified" in light of legal actions he had filed against them. (*Id.* at 5-6).

Plaintiff brings claims against the Warden and Deputy Warden for holding him unlawfully from October to November of 2022, against Defendant Bowden for spraying him "unprofessionally" when he requested to know why he was being held against his will, and against Defendant Spicer for making verbal sexual advances. (*Id.* at 6). Plaintiff also names as Defendants the Delaware Department of Correction ("DDOC") and SCI.

1

Plaintiff requests injunctive relief removing him from Defendants' control and compensatory and punitive damages. In February 2024, Plaintiff was transferred to Plummer Community Correction Center. (D.I. 10).

## II.  SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff

leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

To begin, the DDOC and SCI are immune from suit. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also* 11 Del. C. § 6501 *et seq.*; *Jones v. Sussex Correctional Institute*, 725 F. App'x 157, 159 (3d Cir. 2017) (per curiam). Additionally, the DDOC and SCI are not persons for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47, 50 (3d Cir. 2008) (per curiam). Accordingly, the claims against the DDOC and SCI will be dismissed with prejudice.

Furthermore, in light of Plaintiff's February 2024 transfer to Plummer Community Correction Center, his request for injunctive relief is now moot.

Plaintiff has failed to state claims against the Warden and Deputy Warden for his alleged unlawful detention because he has neither pled facts explaining the circumstances of his alleged unlawful detention, nor the Warden or Deputy Warden's personal involvement.  *See Iqbal*, 556 U.S. at 679; *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (holding that personal involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence").

The Court interprets Plaintiff's claim against Defendant Bowden unprofessionally spraying him to be an Eighth Amendment claim for cruel and unusual punishment or excessive force.  In either event, Plaintiff's allegations are far too sparse and lacking in context or critical details to state a claim.  *See Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 193 (3d Cir. 2021) ("[T]he Eighth Amendment protects convicted prisoners from any force applied maliciously and sadistically for the very purpose of causing harm.") (quotation marks and citation omitted).

Finally, Plaintiff's claim based on verbal sexual advances from Defendant Spicer are not actionable.  *See Rieco v. Moran*, 633 F. App'x 76, 79 (3d Cir. 2015) (per curiam) (affirming dismissal of prisoner's claim that correctional officers made "offensive and threatening comments towards him, [because] words alone cannot establish an Eighth Amendment claim.") (citations omitted).  Plaintiff will be given leave to file a second amended complaint curing these deficiencies.

At this point there is not a viable complaint and no defendant has been served.  Although Plaintiff will be given leave to file a second amended complaint, whether appointment of counsel

4

is merited is premature at this point. Accordingly, Plaintiff's request for counsel (D.I. 7) will be denied without prejudice to renew.

Finally, the Court notes that Plaintiff appears to indicate that he has not exhausted his administrative remedies. If Plaintiff failed to exhaust his administrative remedies while confined at SCI, he may not proceed with this action. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Booth v. Churner*, 532 U.S. 731, 741 n.6, ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.").

### IV.    CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to file a second amended complaint.

An appropriate Order will be entered.